UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHICAGO INSURANCE COMPANY, | CASE NO. C10-0705 RSM |
| Plaintiff, | ORDER GRANTING THIRD-PARTY DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| THE CENTER FOR COUNSELING AND HEALTH RESOURCES; GREGORY L. JANTZ and LaFON JANTZ, | |
| Defendants. | |
| THE CENTER FOR COUNSELING AND HEALTH RESOURCES; GREGORY L. JANTZ and LaFON JANTZ, | |
| Third Party Plaintiffs, | |
| v. | |
| ARCH INSURANCE COMPANY, a foreign insurer; AMERICAN CASUALTY COMPANY OF READING, PA, a foreign insurer; HARTFORD CASUALTY INSURANCE COMPANY, a foreign insurer; LANDMARK INSURANCE COMPANY, a foreign insurer; DARLENE ROCKEY and HEIDI WOEK, on their own behalf and on behalf of similarly situated persons; and THE CLASS of similarly situated persons; and THE CLASS as Certified in the Matter of Rockey v. The Center, Snohomish County Cause No. 09-2-02242-7, | |
| Third Party Defendants. | |

1

## I. INTRODUCTION

2      This matter comes before the Court on Motion for Summary Judgment (Dkt #43) brought

3  by Third-Party Defendant Hartford Casualty Insurance Company ("Hartford").   Hartford

4  contends that it has no duty to defend or indemnify Third-Party Plaintiffs The Center for

5  Counseling and Health Resources, Gregory L. Jantz and LaFon Jantz ("the Center") for

6  allegations brought against them in the underlying class action suit brought by Darlene Rockey

7  and Heidi Woeck.   Hartford's primary contention in denying coverage is that the claims against

8  the Center do not fall within the definition of "property damage" or "bodily injury" covered by

9  the policy's terms.   Further, Hartford contends that the claims against the Center constitute a

10  "known loss," and therefore are not covered.   The Center opposes Hartford's Motion, arguing

11  that Hartford has prematurely concluded that the claims against the Center are not covered, when

12  there is a question of fact as to whether the claims brought against the Center allege bodily

13  injuries within the policy's coverage.

14

## II. BACKGROUND

15      The parties and the Court are well aware of the background of this case as recited in the

16  Order Denying Third-Party Plaintiffs' Motion to Stay and will not reiterate it here.

17

## III. SUMMARY JUDGMENT STANDARD

18      Summary judgment is appropriate where the pleadings, the discovery and disclosure

19  materials on file, and any affidavits show that there is no genuine issue as to any material fact

20  and that the movant is entitled to judgment as a matter of law.   FRCP 56; *Anderson v. Liberty*

21  *Lobby, Inc.*, 477 U.S. 242, 247 (1986).   The Court must draw all reasonable inferences in favor

22  of the non-moving party.   See *F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir.

23  1992), *rev'd on other grounds*, 512 U.S. 79 (1994).   In ruling on summary judgment, a court

24

1   does not weigh evidence to determine the truth of the matter, but "only determine[s] whether

2   there is a genuine issue for trial."  *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994)

3   (citing O'Melveny & Meyers, 969 F.2d at 747).  Material facts are those which might affect the

4   outcome of the suit under governing law.  *Anderson*, 477 U.S. at 248.

5   ### IV. DISCUSSION

6     The interpretation of an insurance contract is a matter of law to be decided by a court.

7   *McDonald v. State Farm Fire and Cas. Ins. Co*, 119 Wn.2d 724 (1992).  The parties dispute

8   whether Third-Party Defendant has a duty to defend and indemnify Third-Party Plaintiffs against

9   claims brought in the underlying lawsuit.  The Hartford policy provides in relevant part:

10    We will pay those sums that the insured becomes legally obligated to pay as damages
  because of "bodily injury", "property damage" or "personal and advertising injury" to
11    which this insurance applies.  We will have the right and duty to defend the insured
  against any "suit" seeking those damages.  However, we will have no duty to defend the
12    insured against any "suit" seeking damages for "bodily injury", or "property damage" or
  "personal and advertising injury" to which this insurance does not apply.

13    …

14    This insurance applies:

15
   To "bodily injury" and "property damage" only if:
16      (a) The "bodily injury" or "property damage" is caused by an "occurrence"
       that takes place in the "coverage territory";
17
    (b) The "bodily injury" or "property damage" occurs during the policy period;
18         and

19      (c) Prior to the policy period, no insured listed under Paragraph 1. of Section
       C – Who Is An Insured and no "employee" authorized by you to give or
20         receive notice of an "occurrence" or claim, knew that the "bodily injury"
       or "property damage" had occurred in whole or in part. If such a listed
21         insured or authorized "employee" knew, prior to the policy period, that the
       "bodily injury" or "property damage" occurred, then any continuation,
22         change or resumption of such policy period will be deemed to have been
       known prior to the policy period.

23
    …
24

ORDER GRANTING THIRD-PARTY DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT - 3

"Bodily injury" means physical:

a.    Injury;

b.    Sickness; or

c.    Disease

sustained by a person and, if arising out of the above, mental anguish or death at any time.

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

…

"Property damage" means:

a.    Physical injury to tangible property, including all resulting loss of use of that property.  All such loss use shall be deemed to occur at the time of the physical injury that caused it; or

b.    Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

As used in this definition, "electronic data" is not tangible property.

Dkt. #45-46, Adams Decl. Ex. 3, pgs. 46, 65, 67-68.

Hartford contends that the claims set forth in the underlying Second Amended Complaint are not covered by the policy, and therefore do not trigger a duty to defend or indemnify.  An insurer has a duty to defend that arises where a review of the allegations in the Complaint brought against the insured, construed liberally, produces facts that could conceivably impose liability upon the insured within the policy's coverage, if proven true.  *Unigard Ins. Co. v. Levin*, 97 Wn. App. 417, 425 (1999).

ORDER GRANTING THIRD-PARTY DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT - 4

## A. Bodily Injury

The parties dispute whether a "bodily injury" as defined by the policy is alleged in the underlying Complaint.  The policy covers liability for "bodily injury" to others, which is defined by the policy as a physical injury, or physical sickness or disease.  Dkt. #46, Adams Decl., Ex. 3, p. 65.  In the case at hand, the underlying Complaint sets forth claims for damage arising from the Center's billing practices.  The Center argues that the underlying Complaint does in fact contain allegations that relate to Ms. Rockey's health, and therefore alleges "bodily injury" as defined by the policy.  The Center points to allegations concerning Ms. Rockey's health in a previous version of the Complaint.  Specifically, the previous Complaint contained an allegation regarding harm to Ms. Rockey's health as a result of the Center's conduct.  However, those allegations concerning bodily injury have been deleted from the Second Amended Complaint, which is the operative pleading.  It is the Second Amended Complaint that determines the claims at issue in this lawsuit, and as such also determines whether the duty to defend (and indemnify) has been triggered.  Though courts construe the duty to defend as broader than the duty to indemnify, "[h]ypothetical unpleaded claims that would arguably be within coverage … do not create 'potential coverage' entitling the insured to a defense."  44 Am.Jur. 2d. *Insurance* § 1400 (Westlaw 2010); *See also Dennis Produce Inc. v. Hartford*, 260 Fed. Appx. 989, 992 (9th Cir. 2007).  A claim for "bodily injury" contained in a Complaint that is now superseded, and that has been expressly withdrawn from the amended pleading, cannot be included in a review of the allegations that determines whether an insurer's duty to defend has been triggered.

Additionally, the Center argues that although the Complaint does not set forth the exact nature of the damages, the Complaint nonetheless asks for "all damages incurred as a result of defendants' improper billing practices, the lost use of the funds wrongfully demanded by

1  defendants, their breach of fiduciary duty, negligent supervision, and negligent

2  misrepresentation." Therefore, according to the Center, a liberal construction of the Complaint

3  would evince the inclusion of tort damages for bodily harm. However, upon reading the Second

4  Amended Complaint, it is simply not possible to conclude that claims for a "bodily injury" have

5  been included. Claims such as "breach of fiduciary duty" and "negligent supervision" could

6  hypothetically include liability relating to a "bodily injury." However, as discussed *supra*, the

7  mere hypothetical possibility that a "bodily injury" could be included within a broader cause of

8  action where the Complaint makes no allegation of physical harm is insufficient to trigger the

9  duty to defend. Nowhere does the Second Amended Complaint mention any allegation that

10 could be construed as imposing liability for "bodily harm." Rather, in stating claims for relief,

11 the Second Amended Complaint specifically and repeatedly refers to the Center's billing

12 practices. Even under a liberal construction of the allegations and claims, it is apparent that the

13 claims raise no allegations of "bodily harm" and therefore cannot be said to conceivably allege

14 any liability arising from "bodily harm" that would bring the claims within the policy coverage.

15 **B. Property Damage**

16      The parties also dispute whether "property damage" as defined by the policy is alleged in

17 the underlying Complaint. The policy covers liability for "property damage," and defines

18 property damage as a "[p]hysical injury to tangible property, including all resulting loss of use of

19 that property." Dkt. #46, Adams Decl. Ex. 3, p. 68. Specifically, the parties disagree as to what

20 constitutes tangible property, and whether the economic loss resulting from the Center's billing

21 practices may be considered property damage.

22      Hartford contends that pure economic losses are not tangible property, and hence are not

23 covered by the policy. Case law supports Hartford's position. In *Globe Indemnity Co. v. First*

24 *American State Bank*, the insured bank allegedly convinced customers to invest in precious

1    metals that were never purchased.  720 F. Supp 853 (W.D. Wash. 1989).  After the insurer

2    declined to defend the underlying suit brought by investors, the court held that "[e]conomic loss

3    resulting from injury or damage to intangible property, such as loss of investment, is not property

4    damage."  *Id.* at 857.  Furthermore, in *Washington Public Utility Districts' Utilities System v.*

5    *Public Utility Dist. 1,* the court found that the loss of funds resulting from securities investments

6    did not constitute the loss of tangible property.  112 Wn. 2d 1, 14 (1989).  Finally, in *Mack v.*

7    *Nationwide Mut. Fire Ins. Co.*, a case that is similar to the case a hand, a Georgia court reached

8    the same conclusion.  238 Ga. App 149 (1999).  In that case, class members sought

9    reimbursement for money that was allegedly wrongfully collected pursuant to retail installment

10   contracts.  The court found that "[money] is not tangible, but intangible," for purposes of

11   defining property damage.  *Id.*

12          The Center relies on *Griffin v. Allstate Ins. Co.* in arguing that economic loss constitutes

13   damage to tangible property.  108 Wn. App. 133 (2000).  However, *Griffin* merely states that the

14   loss of money can satisfy the injury element of the Consumer Protection Act.  *Id*. at 148-149.

15   But *Griffin* has no bearing on what constitutes property damage under an insurance policy.  As

16   such, no claims for "property damage" as defined by the policy have been pleaded.

17   **C. Occurrence**

18          Without "property damage" or "bodily injury," as required by the policy, the claims

19   against the Center are not covered.  Therefore, whether or not an occurrence took place is not

20   determinative of triggering a duty to defend.  Nonetheless, the facts before this Court cannot lead

21   to the conclusion that an "occurrence" within the definition of the policy took place.  The policy

22   defines "occurrence" as "an accident, including continuous or repeated exposure to substantially

23   the same general harmful conditions."  Dkt. #46, Adams Decl. Ex. 3, p. 67.  In this case, no

24   accident occurred.  Washington law sets forth that "an accident is never present when a

ORDER GRANTING THIRD-PARTY DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT - 7

1  deliberate act is performed unless some additional unexpected, independent, and unforeseen

2  happening occurs which produces or brings about the result of injury or death.  This means as

3  well the result must be unforeseen, involuntary, unexpected and unusual." *Grange Ins. Co. v.*

4  *Brosseau*, 113 Wn.2d 91, 96 (1989).  The Center contends that any conduct complained of in the

5  underlying Complaint is inadvertent, and therefore at most constitutes negligence, which

6  according to the Center is covered under the policy.  However, even if the conduct at issue can

7  be said to be negligent, it still cannot be said that an accidental "occurrence" took place.

8  Negligent billing practices, and the subsequent harm, are not unforeseen happenings.  Billing

9  practices, even if negligently performed, are a deliberate course of conduct, and therefore absent

10  some additional independent happening, cannot be covered by the policy.

11  **D.  "Known Loss" Doctrine**

12      Because the Court has already determined that the claims alleged in the underlying suit

13  do not trigger the duties to defend or indemnify, the Court need not address the parties'

14  contentions regarding whether the "known loss" doctrine prevents coverage.

15

16                          **V. CONCLUSION**

17      Having reviewed the relevant pleadings, the declarations and exhibits attached thereto,

18  and the remainder of the record, the Court hereby finds and ORDERS:

19

20      (1) Hartford's Motion for Summary Judgment (Dkt #43) is GRANTED.

21

22      //

23

24      //

ORDER GRANTING THIRD-PARTY DEFENDANT HARTFORD CASUALTY INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT - 8

1    Dated March 31, 2011.

2

3

4

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24