1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

5

6

7   | CHICAGO INSURANCE COMPANY,

CASE NO. C10-0705 RSM

8   Plaintiff,

ORDER GRANTING THIRD-PARTY
DEFENDANT LANDMARK
INSURANCE COMPANY'S
MOTION FOR SUMMARY
JUDGMENT

9   v.

10  THE CENTER FOR COUNSELING
AND HEALTH RESOURCES;
GREGORY L. JANTZ and LaFON
11  JANTZ,

12  Defendants.

13  THE CENTER FOR COUNSELING
AND HEALTH RESOURCES;
14  GREGORY L. JANTZ and LaFON
JANTZ,

15

Third Party Plaintiffs,

16  v.

17  ARCH INSURANCE COMPANY, a foreign
insurer; AMERICAN CASUALTY
18  COMPANY OF READING, PA, a foreign
insurer; HARTFORD CASUALTY
19  INSURANCE COMPANY, a foreign insurer;
LANDMARK INSURANCE COMPANY,
20  a foreign insurer; DARLENE ROCKEY and
HEIDI WOEK, on their own behalf and on
21  behalf of similarly situated persons; and THE
CLASS of similarly situated persons; and
22  THE CLASS as Certified in the Matter of
Rockey v. The Center, Snohomish County
23  Cause No. 09-2-02242-7,

24  Third Party Defendants.

ORDER GRANTING THIRD-PARTY DEFENDANT LANDMARK INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT - 1

1

2

# I. INTRODUCTION

3        This matter comes before the Court on Motion for Summary Judgment (Dkt #58) brought

4 by Third-Party Defendant Landmark Insurance Company ("Landmark").  Landmark contends

5 that it has no duty to defend or indemnify Third-Party Plaintiffs The Center for Counseling and

6 Health Resources, Gregory L. Jantz and LaFon Jantz ("the Center") for allegations brought

7 against them in the underlying class action suit brought by Darlene Rockey and Heidi Woeck.

8 Landmark's primary contention in denying coverage is that the claims against the Center do not

9 allege liability related to the Center's performance of "professional services", as defined by the

10 policy's terms.  Further, Landmark contends that the claims against the Center fall into

11 exclusions from the policy, and therefore are not covered.  The Center opposes Landmark's

12 Motion, arguing that Landmark's duty to defend has been triggered.  The Center also argues that

13 Landmark prematurely concluded that the claims against the Center are not covered, when there

14 is a question of fact as to whether the claims brought against the Center are covered by the

15 policy.

16

# II. BACKGROUND

17        The parties and the Court are well aware of the background of this case as recited in the

18 Order Denying Third-Party Plaintiffs' Motion to Stay and will not reiterate it here.

19

# III. SUMMARY JUDGMENT STANDARD

20        Summary judgment is appropriate where the pleadings, the discovery and disclosure

21 materials on file, and any affidavits show that there is no genuine issue as to any material fact

22 and that the movant is entitled to judgment as a matter of law.  FRCP 56; *Anderson v. Liberty*

23 *Lobby, Inc.*, 477 U.S. 242, 247 (1986).  The Court must draw all reasonable inferences in favor

24

ORDER GRANTING THIRD-PARTY DEFENDANT LANDMARK INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT - 2

1  of the non-moving party.  See *F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir.

2  1992), *rev'd on other grounds*, 512 U.S. 79 (1994).  In ruling on summary judgment, a court

3  does not weigh evidence to determine the truth of the matter, but "only determine[s] whether

4  there is a genuine issue for trial."  *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994)

5  (citing O'Melveny & Meyers, 969 F.2d at 747).  Material facts are those which might affect the

6  outcome of the suit under governing law.  *Anderson*, 477 U.S. at 248.

### IV. DISCUSSION

**A.  Professional Services Coverage**

9          The interpretation of an insurance contract is a matter of law to be decided by a court.

10  *McDonald v. State Farm Fire and Cas. Ins. Co*, 119 Wn.2d 724 (1992).  The parties dispute

11  whether Third-Party Defendant has a duty to defend and indemnify Third-Party Plaintiffs against

12  claims brought in the underlying lawsuit.  The Landmark policy provides in relevant part:

Covered Services

The Company will pay on behalf of the Insured as shown in the Declarations, all sums that
the insured becomes legally obligated to pay as damages and associated Claim Expenses
arising out of a negligent act, error or omission, even if such Claim is groundless, false or
fraudulent, in the rendering of or failure to render professional services as described in the
Declarations, provided that the:

1.  Claim is first made against the Insured during the Policy Period, and reported to the
    Company no later than thirty (30) days after the end of the Policy Period;

2.  Negligent act, error or omission, Advertising Liability or Personal Injury took place in a
    covered territory;

3.  Negligent act, error, or omission, Advertising Liability or Personal Injury took place after
    the Retroactive Date shown in the Declarations.

Dkt. #60, Orr Decl., Exhibit 1, p. 3.

          Landmark contends that the claims set forth in the underlying Second Amended

Complaint are not covered by the policy, and therefore do not trigger a duty to defend or

ORDER GRANTING THIRD-PARTY DEFENDANT LANDMARK INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT - 3

1 indemnify.  An insurer has a duty to defend that arises where a review of the allegations in the

2 Complaint brought against the insured, construed liberally, produces facts  which could

3 conceivably impose liability upon the insured within the policy's coverage, if proven true.

4 *Unigard Ins. Co. v. Levin*, 97 Wn. App. 417, 425 (1999).

5        At issue is whether Landmark's duty to defend and duty to indemnify have been triggered

6 by claims relating to the Center's billing practices pursuant to Landmark's professional liability

7 policy.   Landmark's policy covers the Center for claims arising out of negligent acts, errors, or

8 omissions "in the rendering of or failure to render professional services…"  Specifically, the

9 parties dispute whether the billing may be properly construed as "professional services" under

10 the policy.  In *Bank of California v. Opie*, the Ninth Circuit defined "professional services:"

11       Something more than an act flowing from mere employment or vocation is essential.  The
         act or service must be such as exacts the use or application of special learning or
12       attainments of some kind.  The term "professional" in the context used in the policy
         provision means something more than mere proficiency in the performance of a task and
13       implies intellectual skill as contrasted with that used in an occupation for production or
         sale of commodities.  A "professional" act or service is one arising out of a vocation,
14       calling, occupation, or employment involving specialized knowledge, labor, or skill, and
         the labor or skill involved is predominantly mental or intellectual, rather than physical or
15       manual (citations omitted).  In determining whether a particular act is of a professional
         nature or a "professional service" we must look not to the title or character of the party
16       performing the act, but to the act itself.

17 663 F.2d 977 (9th Cir. 1981).

18       Since *Bank of California*, several decisions from other circuits have concluded that

19 billing is not part of a professional service.  In *Zurich American Ins. Co. v. O'Hara Regional Ctr.*

20 *for Rehabilitation*, the court found that fraud alleged in billing practices relating to Medicare and

21 Medicaid was not part of "professional services" covered by the insurance policy.  529 F.3d 916,

22 925 (10th Cir. 2008).  The *Zurich* court noted that "courts generally have concluded the

23 preparation of bills or invoices does not qualify as professional services." *Id.* (citing 23

24

ORDER GRANTING THIRD-PARTY DEFENDANT LANDMARK INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT - 4

1 *Appleman on Insurance* §146.3; *Cohen v. Empire Cas. Co.*, 771 P.2d 29, 31 (Colo. Ct. App.

2 1989); *Medical Records Assoc., Inc. v. Am. Empire Surplus Lines Ins. Co.*, 142 F.3d 512, 515-

3 516 (1ˢᵗ Cir. 1998)).  Within the Ninth Circuit, the court in *Horizon West, Inc. v. St. Paul Fire &*

4 *Marine Insurance Co.*, concluded that Medicare and Medicaid billing are ordinary activities that

5 may be performed by those without professional training and expertise.  214 F.Supp.2d 1074,

6 1079 (E.D.Cal. 2002), *aff'd*, 45 Fed.Appx. 752 (9ᵗʰ Cir. 2002).

7      The Center cites *Woo v. Fireman's Fund Ins. Co.*, to support its contention that the broad

8 duty to defend encompasses the billing practices at issue in the case at hand.  161 Wn.2d 43

9 (2007).  In *Woo*, the Washington State Supreme Court found that the insurer had a duty to defend

10 a dentist who was sued for placing boars' tusks into an employee's mouth while she was sedated.

11 *Id*.  The *Woo* court based its decision on the language of the policy, which, in addition to the

12 practice of dentistry, covered ownership, maintenance, or operation of an office for the practice

13 of dentistry.  *Id.* at 55-56.  The court reasoned that the dentist's conduct could conceivably be

14 covered because the policy defined the practice of dentistry broadly, and because the incident

15 occurred during a dental procedure being performed on an employee of the dentist's office.  *Id.*

16 at 55-57.  *Woo* is not helpful in determining whether the Center could conceivably be covered in

17 the case before this Court, as the specific insurance policy at issue in *Woo* was found to broadly

18 define the practice of dentistry.  Rather, the inquiry in the case at hand is tailored to whether the

19 professional liability policy that covers professional services could conceivably cover the claims

20 related to the Center's billing practices.  Numerous courts (discussed *supra*) have concluded that

21 the administration of billing does not require the training and specialized skill associated with

22 professional services, and therefore, have held that billing activities are not covered by

23 professional liability insurance.

24

ORDER GRANTING THIRD-PARTY DEFENDANT LANDMARK INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT - 5

1    Finally, the Center argues that the claim in the underlying Complaint alleging a breach of

2    fiduciary duty is ambiguous, and therefore under the broad duty to defend, such a claim is

3    conceivably covered.  However, the Complaint unambiguously makes clear that all claims for

4    damages and the conduct complained of are directly related to the Center's billing practices.  The

5    claim regarding the breach of fiduciary duty specifically refers to the "above acts and

6    omissions."  Second. Amended Compl. p. 9.  The "acts and omissions" referenced constitute

7    conduct related to billing.  There is no reason to conclude that the "acts and omissions"

8    referenced in the claim for breach of fiduciary duty are different than the acts and omissions

9    described throughout the Complaint, which are related to billing practices that form the basis of

10   the Complaint.

11   **B.  Exclusions**

12       Because the Court has already determined that the claims alleged in the underlying suit

13   do not trigger the duties to defend or indemnify, and are therefore not covered, the Court need

14   not address the parties' arguments regarding whether the Center had knowledge of the claims

15   prior to the effective date of the policy or whether the claims were pending prior to the inception

16   of the policy.

17                              **V. CONCLUSION**

18       Having reviewed the relevant pleadings, the declarations and exhibits attached thereto,

19   and the remainder of the record, the Court hereby finds and ORDERS:

20

21       Landmark's Motion for Summary Judgment (Dkt #58) is GRANTED.

22

23       //

24

ORDER GRANTING THIRD-PARTY DEFENDANT LANDMARK INSURANCE COMPANY'S MOTION FOR
SUMMARY JUDGMENT - 6

1

2

3      Dated this 31st day of March 2011.

4

5

6                          RICARDO S. MARTINEZ

7                          UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING THIRD-PARTY DEFENDANT LANDMARK INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT - 7